The plaintiff in error was the plaintiff below, and the defendant in error was the defendant below. The case seems not to have been heard on its merits, but a hearing was had on facts set forth in a special answer, in the nature of a plea of abatement under the following facts:
It was made to appear that on February 5, 1903, application was made in the probate court for letters of administration on the estate of John Archdeacon. The administrator signed his bond but gave no sureties. Letters of administration were as a consequence not issued to him. But on the 28th day of March, 1903, suit was filed by the administrator, alleging his appointment and seeking to recover for wrongful death of the decedent, John Archdeacon. Defendant thereupon filed an answer admitting plaintiff’s appointment and qualification as administrator, but denying liability. Thus the ease stood untii March 10, 1905, when plaintiff’s attention ivas called to the omission made by him in the matter of his failure to have proper sureties and consequent lack of letters of administra *607 tion. The ease came on for trial on March 13, 1905, when defendant sought and obtained leave to file an amended answer denying the appointment of the administrator, and thereupon filed a motion to dismiss the action, which motion was by the court regarded as a plea in abatement, and upon hearing the court found the facts to be as above stated, rendered judgment upon the pleadings and dismissed the action; to all of which plaintiff duly excepted. No exception, however, appears to have been taken to the action of the court in permitting the filing of the amended answer setting up the plea in bar that the plaintiff was without legal -capacity to maintain the action.
The court below construing Sections 6134 and 6135 found that the conditions precedent constitute a part of the cause of action and must, therefore, be performed before cause of action accrued and remedial rights arose and further found that the words “creating rights” under the provisions of this section, being unknown to common law, should be given an effect in harmony with the words used to accomplish the purpose intended, and that the limitation of two years within which an action should be brought for the recovery of damages in case of wrongful death was an essential condition of the right of action, in all of which we concur.
Our attention has been drawn to the fact that, under the authorities collated in the American & English Encyclopaedia of Law, Vol. 11, page 908, the title of the administrator to property of his intestate relates back and takes effect from the time of the death of the decedent, legalizing all acts otherwise valid done by the administrator before his appointment and vesting in him a cause of action accruing between the granting of letters and the death of the intestate. Section 6135 provides, with reference to such action, that, “it shall be brought in the name of the personal representative of the deceased person within two years after the death of such deceased person.”
This limitation of two years was held in the case of Railway v. Hine, 25 O. S., 629, “to be a condition qualifying the right of action, and not a mere limitation of the remedy. It is, therefore * * * a necessary condition to the right of action.” (Wolf, Administrator, v. Railway Company, 55 O. S., 529). *608 The court also holds such administrator thus appointed to be a mere nominal party, having no interest in the case for himself: or the estate he represents, and there being no estate in being, and consequently no assets of any kind, but the entire object of the statute referred to being for the purpose of creating an estate, it is held that the rules referred to in the 11th American & English Encyclopaedia of Law are not applicable (28 O. S., 191).
W. A. Rinclthojf, D. T. Eaclteit and Chas. M. Gist, for plaintiff in error.
Ouicalt & For alter, Jos. W. Eeintzman and Smith Eicltenlooper, for defendant in error.
In reaching these conclusions, by which we concur with the action of the court below in holding the plea in abatement good; we have not overlooked the salutary rules that govern in matters of a surrogate nature, where the acts of a de facto administrator have been given full force and effect as if done by a de jure administrator, but we believe as to those as well as to the acts of an administrator de son tort, when properly done, that such rules do not contravene the necessity found by the court below, of making strict construction of the statute regarding the action as begun only when conditions precedent have been fully complied with.
We see no error and therefore concur in the conclusions of the court as found in 3 N. P.—N. S., page 45.

Affirming Archdeacon, Admr., v. Cincinnati Gas & Electric Co., 3 N. P.—N. S., 45.